**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE MINKOFF, et al., : | CIVIL ACTION NO. 08-6379 (MLC) |
| Plaintiffs, : | **MEMORANDUM OPINION** |
| v. : | |
| CHUBB CORPORATION, et al., : | |
| Defendants. : | |

**THE COURT** ordering the plaintiffs to show cause why the action should not be transferred to the United States District Court for the Eastern District of New York under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 9, Order to Show Cause ("OTSC")); and the plaintiffs — who are New York citizens — (1) bringing this action against the defendants, The Chubb Corporation ("TCC") and Great Northern Insurance Company ("GNIC"), for breach of an insurance policy ("Policy") covering their home ("Home"), and (2) alleging that there is jurisdiction under Section 1332 (dkt. entry no. 1, Compl.); and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE COURT** pointing out that this action might have been more properly brought in the Eastern District of New York, where (1)

the plaintiffs are domiciled, (2) the Home is located, i.e., in Nassau County, New York, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) citizens will have an interest in the outcome, (5) it will be more convenient for a trier of fact to examine the alleged damage, (6) evidence will be found, and (7) controlling New York law will be easily applied (see OTSC at 1-2); and

**THE PLAINTIFFS** arguing in response to the Order to Show Cause that the action should remain in New Jersey because they chose to proceed in New Jersey (dkt. entry no. 12, Pls. Resp. at 11-12); but the Court giving this choice of venue less deference, as the plaintiffs are not New Jersey citizens, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); see also Extraordinary Props. v. Nationwide Mut. Ins. Co., No. 99-4305, 2000 WL 66157, at *1-*2 (E.D. Pa. Jan. 24, 2000) (transferring breach-of-insurance-contract action to venue where both property damage occurred and plaintiff located); and

**THE PLAINTIFFS** arguing that the action should remain in New Jersey because a district court will be required to interpret New Jersey law (Pls. Resp. at 15-16); but this argument having no merit, as the action is governed by New York law (see dkt. entry no. 5, Macan Certif., Ex. B, Policy at 2 ("New York homeowners coverage"), 9 (stating plaintiffs to contact non-party located in Lake Success, New York, with queries), 15 (stating coverage

governed by New York law), 46 (stating if Policy "conflicts with the laws of the state you live in" — i.e., New York — "this policy is amended to conform to those laws")); and

**THE PLAINTIFFS** arguing that "it is highly unlikely" that a trier of fact will visit the Home (Pls. Resp. at 15); but this argument having no merit, see Feldman v. Pub of N.J., No. 94-1660, 1994 WL 369877, at *2 (E.D. Pa. July 14, 1994) (transferring to accident-site venue due to "possibility" of viewing site); Fimbel Door Corp. v. U.S. Fid. & Guar. Co., No. 90-1187, 1990 WL 191920, at *5-*6 (D.N.J. Nov. 5, 1990) (transferring action because site that is "clear source of proof" is located in other venue and action involved "site-specific data"); and

**THE PLAINTIFFS** arguing that a New York court may not have personal jurisdiction over the defendants (Pls. Resp. at 6-8); but this argument having no merit (see dkt. entry no. 11, GNIC Answer at 2-3 (admitting GNIC licensed to operate in New York)); see Vinas v. Chubb Corp., 499 F.Supp.2d 427, 429-37 (S.D.N.Y. 2007) (addressing claims against TCC); Spagnola v. Chubb Corp., No. 06-9960, 2007 WL 927198, at *1-*6 (S.D.N.Y. Mar. 27, 2007) (addressing claims against TCC and GNIC); and

**THE PLAINTIFFS** citing Section 1391(a) in support of keeping the action in New Jersey (Pls. Resp. at 9); but reliance thereon having no merit here because the Order to Show Cause raises venue analysis under Section 1404, see CLP Pkg. Solutions v. Sports

3

Pouch Beverage Co., No. 07-1532, 2008 WL 2095774, at *4 n.4 (D.N.J. May 16, 2008) (differentiating between analysis under Section 1404 and analysis under Sections 1391 and 1406); MIIX Ins. Co. v. Associated Women's Health Specialists, No. 07-1635, 2007 WL 4163999, at *5 (D.N.J. Nov. 19, 2007) (same); Markey v. Fastuca, No. 05-1450, 2006 WL 469948, at *2 n.3 (D.N.J. Feb. 27, 2006) (same); and

**THE PLAINTIFFS** arguing that it would be more convenient for counsel to proceed in New Jersey (Pls. Resp. at 16-17); but it appearing that the convenience of counsel is not a consideration as to the issue of venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

**THE COURT**, upon balancing the factors here, intending to (1) grant the Order to Show Cause, and (2) transfer the action to the Eastern District of New York; and for good cause appearing, the Court will issue an appropriate Order.

                                     s/ Mary L. Cooper
                                     **MARY L. COOPER**
                                     United States District Judge

Dated: April 6, 2009